IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. : 11-CIV-62483-SCOLA/ROSENBAUM

CHETU, INC.,

    Plaintiff,

vs.

TERRY W. OWEN,

    Defendant.

_____/

## CONSENT PRELIMINARY INJUNCTION

The parties, Plaintiff Chetu, Inc. ("Chetu"), and Terry W. Owen ("Owen") hereby submit this agreed order granting Chetu's *Motion for Preliminary Injunction and Incorporated Memorandum of Law* [DE 6] (the "Motion").

In an effort to resolve the issues without the time and expense of a hearing, the parties agree to a preliminary injunction with the following terms:

## PRELIMINARY INJUNCTION

Owen, and his agents, servants, employees, independent contractors, attorneys, members, partners, corporations, subsidiaries, affiliates, successors and assigns, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, are hereby enjoined as follows:

    1.    Owen shall immediately and permanently[1] delete and destroy the files "TWO2_Check.xlsx" or "TWO_Check.xlsx" as well as any electronic or printed data or document that is derivative, in whole or in part, of those files or any portion of the data thereof.

---

[1] "Permanent" destruction or deletion shall include destruction of any back-ups or stored copies of documents or electronically-stored information such that documents cannot be reconstituted, in whole or in part, through any means.

2. Owen shall immediately and permanently delete and destroy all e-mails, electronically-stored information ("ESI"), documents, or other data identifying Chetu's clients or potential clients, including but not limited to the document(s) identified as the "Kiosk Leads Report" in Chetu's Complaint.

3. Owen shall immediately and permanently delete and destroy all documentary or electronically-stored information identifying Chetu clients and potential clients taken from Chetu.

4. Owen shall immediately and permanently delete and destroy all documents that constitute Chetu's "Confidential Information" as that term is contemplated in the parties' agreement.

5. Owen shall certify all such destruction and purging, and compliance generally, in a sworn, written statement to be filed under a notice of compliance within three (3) business days of the entry of this order.

6. Consistent with the parties' Non-Disclosure & Policy Agreement [DE 1-1 at 1, § 5], Owen shall not, directly or indirectly or through another party: contact, work for, solicit or hire any of Chetu's clients or potential clients introduced during the course of employment for a period not to exceed two (2) years after Owen's resignation from Chetu. Through his access to Chetu's client and client-lead databases during employment, and possession of, *inter alia*, "TWO2_Check.xlsx," "TWO_Check.xlsx" and the "Kiosk Leads Report" after his resignation, Owen was introduced and/or exposed to the identity of the clients and potential clients of Chetu on those lists. Chetu provided a list of clients and potential clients that Owen reviewed and initialed ("Owen No Contact List"). That Owen No Contact List shall constitute the list of clients and potential clients that Owen shall refrain from contacting or providing services in competition with Chetu. If Owen contends a client or potential client is one to whom he was

introduced prior to his employment with Chetu, the Court will consider such exceptions on a case-by-case basis. Owen also noted on the Owen No Contact List those clients or potential clients with which Owen's current employer, Next Sphere Technologies, Inc., had a business relationship or contact before Owen became employed.

7. The Owen No Contact List shall be held by Peter Kamanesh, Esq., ("List Holder). In the event Owen wishes to contact a prospective client for his current employer, but is in doubt as to whether that prospective client is a "client" or "prospective client" of Chetu on the Owen No Contact List, Owen may, through his counsel, submit an inquiry directly to the List Holder and Chetu's counsel.[2] The List Holder shall have two (2) business days to confirm whether or not Owen's prospective contact/client is identified in the "Owen No Contact List" and is therefore a prohibited contact for Owen. Failure to identify a prohibited contact by the List Holder shall be construed as a waiver of Chetu's rights to enforce this injunction as to that client or prospective client. The List Holder shall not be required or expected to review more than five (5) submissions/inquiries per day. The List Holder and Chetu's counsel shall not disclose to Chetu the names of any clients or prospective clients not on the "Owen No Contact List" submitted by Owen.

8. In that aforementioned, sworn, written statement Owen shall also provide the following information:

    a. Owen shall identify all known copies, summaries, notes, or other data or documents derivative of "TWO2_Check.xlsx," "TWO_Check.xlsx," Customer

---

[2] This inquiry shall not be filed with the Court.

List Report, Lead List Report or the "Kiosk Show Leads" report or portions thereof.[3]

b. Owen shall identify all known recipients or viewers of "TWO2_Check.xlsx," "TWO_Check.xlsx," Customer List Report, Lead List Report or the "Kiosk Show Leads" report or copies, summaries, notes, or other data or documents derivative thereof since Owen's resignation.

c. Owen shall identify all companies, firms, and persons identified in "TWO2_Check.xlsx," "TWO_Check.xlsx,"or the "Kiosk Show Leads" report whom Owen has contacted, directly or indirectly, since the date of his resignation from Chetu.

**BOND TO BE POSTED**

For the parties' agreement to this consent injunction, no bond shall be required.

**DURATION OF ORDER**

This Order shall remain in effect until further order of this Court.

Dated: April 25, 2012.

I, THE UNDERSIGNED, HEREBY VERIFY THE ACCURACY OF THE FACTS SET FORTH ABOVE AND CONSENT TO THE ENTRY OF THE FOREGOING CONSENT PRELIMINARY INJUNCTION.

TERRY W. OWEN

---

[3] These are defined terms in the Complaint [DE 1], and shall have the meanings attributed to them therein.

Respectfully Submitted,

/s/ Paul D. Turner
Paul D. Turner
pturner@pbyalaw.com
Joshua Spector
jspector@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI &
ALBRIGHT, PL
200 South Andrews Avenue, Suite 600
Fort Lauderdale, FL 33301
Telephone: (954) 566-7117
Facsimile: (954) 566-7115

/s/ Darryl R. Richards
Darryl R. Richards (0348929)
darrylr@jpfirm.com
Aleksas A. Barauskas (0068175)
aleksasb@jpfirm.com
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
P.O. Box 1100
Tampa, FL 33601-1100
Telephone: (813) 225-2500
Facsimile: (813) 223-7118
Attorneys for Defendant
Available for service via CM/ECF

BY THE COURT:

This cause came before the Court upon Plaintiff's *Motion for Preliminary Injunction and Incorporated Memorandum of Law* [DE 6] This Court, having reviewed the Court file and being otherwise fully advised, hereby enters this consent preliminary injunction as drafted by the parties and stipulated to by the Defendant as set forth above.

DONE AND ORDERED this 26th day of April, 2012, in Chambers in Miami, Florida.

HONORABLE ROBERT N. SCOLA
UNITED STATES DISTRICT JUDGE

Copies:   Counsel of Record
          Magistrate Judge Rosenbaum